UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOSEPH HICKS                                                                                   PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:19-CV-776-BJB

EQUIFAX INFORMATION
SERVICES LLC                                                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

Joseph Hicks, acting as his own lawyer, sued Equifax Information Services LLC for the third time based on the credit report it allegedly supplied to Cabela's sporting-goods store. Hicks accuses Equifax of defaming him based on four statements about his credit history included in the report. *See* Complaint (DN 1) at 2. Even though his earlier lawsuits addressed this same incident, Hicks alleges that he was unable to obtain the report until November 13, 2018, which prevented him from asserting this claim in his earlier lawsuits. *Id.* Equifax moved to dismiss Hicks's claim because it should've been raised in his earlier suits, one of which is now final and therefore precludes his latest claim. Motion to Dismiss (DN 12). The Court agrees and dismisses this lawsuit.

### I. BACKGROUND

Hicks's two prior suits against Equifax are relevant to its motion to dismiss this one.

**1. *Hicks I.*** Hicks sued Equifax and its former CEO Richard Smith "alleging negligent and willful violations of the Fair Credit Reporting Act ("FCRA"), the Gramm Leach Bliley Act ("GLBA"), and [Hicks's] right to privacy under Kentucky law." *Hicks v. Richard F. Smith &*

*Equifax Credit Service*, No. 3:17-cv-251 ("*Hicks I*"), Order Granting Equifax's Motion for Summary Judgment (DN 145) at 1, No. 3:17-cv-251.[1]  The amended complaint stated:

> (10). Under l5 USC 1681b, Equifax had no lawful reason to give out the Plaintiffs' credit report, from the year 2005 thru the year 2016.  The only lawful reason came into existence in February of 2017, when Cabelas World Bank was authorized by the Plaintiff to obtain the report.  At that time Equifax sent Cabelas World Bank a fraudulent report, full of false and negative information that caused Cabelas to send a denial letter.
>
> (11). Cabelas World Bank sent the Plaintiff a denial of credit letter, entered as exhibit "F".  This letter states that all information used to make their denial decision was based on a credit report supplied by Equifax. All information on this report was false and defamatory.  This is a violation of 15 USC 168li, 168le, 1681h, 168ls-2.

*Hicks I*, Amended Complaint (DN 42) at 4, No. 3:17-cv-251.  Hicks explained further that he had been "defamed and [had] his reputation hurt, by the false, illegal, and improper reporting of information" by Equifax and that he had "a right to be left alone, and not have to spend the rest of his days undoing the defamation and damage that Equifax has caused." *Id.* at 17.  Hicks attached Cabela's letter denying him a credit card to his amended complaint. *Hicks I*, Cabela's Letter (DN 42-1) at 9–10, No. 3:17-cv-251.

Nearly a year later, Hicks filed a proposed second amended complaint.  *Hicks I*, Second Amended Complaint (DN 66), No. 3:17-cv-251 (Apr. 23, 2018).  In that complaint, Hicks alleged that Cabela's denial letter was "based on a credit report supplied by Equifax" that "was false and defamatory." *Id.* at 3.  Hicks once again sought leave to amend his complaint on November 26, 2018, this time to explicitly assert a defamation claim against Equifax in relation to the credit report sent to Cabela's. *Hicks I*, Motion to Amend Complaint (DN 93), No.

---

[1] Equifax Information Services LLC was improperly identified as Equifax Credit Service in *Hicks I*.

3:17-cv-251. In support of that motion, Hicks cited "new evidence"—a credit report that he obtained on or about November 13, 2018. The Court denied as untimely his request to amend for a third time, stating:

> It is Hicks's burden to set forth reasons that show good cause for extending the deadline [to amend the pleadings]. Fed. R. Civ. P. 16(b)(4); LR 7.1(b). He has not done so. Under the existing deadline, the parties had over two months from the date of the scheduling order to amend their pleadings. (DN 41). Hicks filed five documents (DNs 26, 28, 40, 42, 52) attempting to modify his complaint before the deadline passed, and he has filed nine documents (DNs 55, 58, 59, 61, 66, 81, 85, 86, 93) attempting to do so since it passed. Even Hicks's proposed amended deadline has now passed.

*Hicks I*, Order Denying Motions to Extend Deadline for Amended Pleadings (DN 94) at 1–2, No. 3:17-cv-251. After over three years of litigation, the Court granted summary judgment to Equifax, *see* Order Granting Equifax's Motion for Summary Judgment at 1, and granted Richard Smith's motion to dismiss for failure to state a claim, *see* Order Granting Smith's Motion to Dismiss (DN 146) at 3–5, No. 3:17-cv-251. After the Court entered judgment for the defendants (DN 147), Hicks appealed, *see* Notice of Appeal (DN 148). But the Sixth Circuit dismissed his appeal for lack of jurisdiction because Hicks filed it too late. *See* Sixth Circuit Order Dismissing for Lack of Jurisdiction (DN 157), No. 3:17-cv-251.

    **2. *Hicks II.*** On October 28, 2019, the same day Hicks filed this lawsuit, he filed another case in this District against Equifax. *See Hicks v. Mark Begor and Equifax Information Services LLC*, No. 3:19-cv-775. In *Hicks II*, Hicks again relied on the denial of his credit-card application based on the alleged fraudulent behavior by Equifax as the basis for state-law tort claims of fraud by misrepresentation and fraud on the court. *See Hicks II*, Complaint (DN 1). Equifax moved to dismiss, maintaining that the claims were duplicative of the claims against it in *Hicks I*, and that the complaint otherwise failed to state a claim. *See Hicks II*, Defendants'

3

Motion to Dismiss (DN 9), No. 3:19-cv-775.  The *Hicks II* Court agreed and dismissed the case because it involved the same parties, issues, and claims as *Hicks I*, which the parties litigated to final judgment.  The *Hicks I* decision barred *Hicks II* under the doctrine of claim preclusion, the Court held, with the exception of a single claim—Hicks's Fraud Alert claim, which the Court dismissed for failure to state a claim.  *Hicks II*, Order Dismissing (DN 17) at 11–4, No. 3:19-cv-775.

**3. *Hicks III*.** In this third lawsuit, Equifax again asks the Court to dismiss Hicks's Complaint under Fed. R. Civ. P. 12(b)(6), claiming that the doctrines of claim-splitting and duplicative-litigation bar it.  Motion to Dismiss (DN 12).  Hicks, in turn, maintains that his third action rests on newly obtained evidence—namely, his receipt, on or about November 13, 2018, of a copy of the allegedly defamatory credit report sent by Equifax to Cabela's.  Opposition to MTD (DN 14).  Because Hicks filed this lawsuit *in forma pauperis*—without prepaying filing fees—the Court screened the complaint as required by 28 U.S.C. § 1915(e)(2). The Court allowed Hicks's claims to go forward at that early stage.  *See* Review Order (DN 6).

## II.  ANALYSIS

To survive a motion to dismiss, a complaint must provide "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A plaintiff shows that it is entitled to relief by "plausibly suggesting" that it can establish the elements of the claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  "And a plaintiff's suggestion is plausible when it contains enough factual content that the court can reasonably infer that the defendant is liable." *Doe v. Baum*, 903 F.3d 575, 580 (6th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Courts must accept all the plaintiff's factual allegations as true,

draw all reasonable inferences in the plaintiff's favor, and determine whether those facts and inferences plausibly entitle the plaintiff to relief. *Iqbal*, 556 U.S. at 679.

Although a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

Equifax's motion rests on theories of claim splitting and duplicative litigation. That's because when Equifax moved to dismiss, the *Hicks I* litigation had not yet reached a final judgment. Since then, the Court in *Hicks I* has issued a final judgment. *See Hicks I*, Judgment (DN 147), No. 3:17-cv-251. This makes claim preclusion, rather than claim splitting, the appropriate doctrine to apply to Equifax's and Hicks's contentions. "[C]laim splitting is the same as res judicata, but with a presumption of a final judgment instead of an actual final judgment." *Waad v. Farmers Ins. Exch.*, 762 F. App'x 256, 260 (6th Cir. 2019). So this Court (following the lead of *Hicks II*, *see* Order Dismissing (DN 17) at 4, No. 3:19-cv-775) analyzes Equifax's arguments under the rules of claim preclusion.

"Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998) (cleaned up) (quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981). In other words, claim preclusion requires plaintiffs to "join all claims arising from the same set of facts in a single proceeding" and not "split them across multiple fora." *Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 479 (6th Cir. 2004) (citing Restatement of Judgments (Second) § 24 (1982)). "The filing of multiple federal actions arising out of the same facts is strongly discouraged, and plaintiffs take

5

such a course at the peril that the adjudication of one case will have preclusive effect on the other." *Twaddle v. Diem*, 200 F. App'x 435, 439 (6th Cir. 2006). When the judgment upon which a party relies to make its claim preclusion argument was issued by a federal court, "federal law … determine[s] its preclusive effect." *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 650 (6th Cir. 2007).

Claim preclusion applies when the following elements are present:

> (1) a final decision on the merits by a court of competent jurisdiction;
> 
> (2) a subsequent action between the same parties or their "privies";
> 
> (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and
> 
> (4) an identity of the causes of action.

*Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009). "Where two actions involving the same issue are pending between the same parties, 'irrespective of which action or proceeding was first brought, it is the first final judgment rendered in one of the courts which becomes conclusive in the other as res judicata.'" *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981) (quoting *Chicago, R. I. & P. R. Co. v. Schendel*, 270 U.S. 611, 616–617 (1926)).

As to the first element, after Equifax filed its motion to dismiss, the *Hicks I* court issued a final judgment after denying Hicks's motion to amend his complaint for the third time. *See Hicks I*, Judgment (DN 147), No. 3:17-cv-251. The denial of Hicks's motion to amend and the subsequent final judgment satisfy the first element of the claim preclusion analysis. *See, e.g.*, Wright & Miller, 18 Fed. Prac. & Proc. Juris. § 4412 (3d ed.) ("It appears well-settled … that claim preclusion bars a second action on the part excluded [by denial of a motion to amend] of a first action" because "[a]ny error should be corrected by appeal in the first proceeding"); *Huck*

6

*v. Dawson*, 106 F.3d 45, 49 (3d Cir. 1997) (denial of plaintiff's motion to amend as untimely did not prevent application of res judicata doctrine, especially where plaintiff failed to appeal "which would have been the proper recourse to preserve the right to litigate the claims"); *Prof'l Mgmt. Assocs. v. KPMG*, 345 F.3d 1030, 1032 (8th Cir. 2003) ("The denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action . . . even when denial of leave to amend is based on reasons other than the merits, such as timeliness." (citations omitted)).[2]

No one disputes that the second element—the identity of the parties—is satisfied here; Hicks and Equifax were both parties in *Hicks I* and are both parties in this case.

Hicks's opposition brief focuses on the third and fourth elements. The third asks whether the new claim was already brought, or should have been, in an earlier suit. Hicks contends that he could not have asserted his defamation claim before he received the credit report at issue. Opposition at 2. But Hicks's possession of the credit report is immaterial to whether he could've brought (and did in fact bring) the claim. The credit report is merely evidence in support of his defamation allegation, which is nearly identical to those asserted and rejected in *Hicks I* in his final attempt to amend that complaint. To the extent it wasn't already, Hicks's defamation claim should have been litigated in that earlier case.

As to the fourth element, Hicks asserts that no "identity of claims" exists because he never had the opportunity to raise his defamation claim. *Hicks I*, he contends, "is based on FCRA claims" and "deal[s] with evidence prior to July 23, 2018." Opposition at 2; *see also id.* at 3 ("*Hicks III* is based on deliberate acts of Defamation per se" based on "evidence recovered

---

[2] The parties do not cite, and this Court has not located, any definitive Sixth Circuit authority addressing this precise question. *See Bridgewater v. Hilton Hotels Corp.*, No. 20-11888, 2021 WL 463681, at *7 n.5 (E.D. Mich. Feb. 9, 2021) ("it appears the Sixth Circuit has not adopted this rule"). But because ample authority supports this rule and the parties to not offer a plausible alternative, the Court applies it here.

7

on November 13, 2018."). Contrary to Hicks's interpretation, the Sixth Circuit has held that an "identity of causes" requires only an "identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Kulick*, 656 F.2d at 1227. So "[t]he doctrine of res judicata prohibits not only re-litigation of all claims or issues which were actually litigated, but also those which *could have been litigated* in a prior action." *Bragg*, 570 F.3d at 777 (emphasis added).

Comparing *Hicks I* and this case shows that both stem from Hicks's attempts to obtain his credit report from Equifax. *Compare Hicks I*, Amended Complaint (DN 42) at 2, 10, No. 3:17-cv-251, *with Hicks III*, Complaint (DN 1) at 2. Both also concern the veracity of statements included in Hicks's credit report sent from Equifax to Cabela's. *Compare Hicks I*, Amended Complaint at 9, No. 3:17-cv-251, *with Hicks III*, Complaint at 1–3. And, as mentioned above, the allegations regarding the credit report are nearly identical. *Compare Hicks I*, Amended Complaint at 9, No. 3:17-cv-251, *with Hicks III*, Complaint at 2. The facts and circumstances giving rise to this defamation claim are practically identical to those giving rise to the claims asserted in *Hicks I*. In other words, the actions share an identity of facts and therefore "should have been litigated in [the] prior suit." *Bragg*, 570 F.3d at 777.

### III. CONCLUSION

The Court grants Equifax's motion to dismiss (DN 12).

Date: September 10, 2021

cc: Plaintiff, *pro se*
    Counsel of record
B213.013

Benjamin Beaton, District Judge
United States District Court